STOKER, Judge.
In this case the trial court rejected plaintiff Howard Jackson’s claim for workmen’s compensation and he appeals. While employed by the City of Alexandria in a city sanitation crew and during a garbage pick up Jackson claims he injured his ankle by striking it on a curbing. This accident occurred on October 12, 1981. Plaintiff sued the City of Alexandria and its workmen’s compensation carrier, the Home Indemnity Company.
Defendants admit that plaintiff was examined on October 12 and October 16, 1981, by Dr. Francis Brian at the Brian Clinic and that plaintiff then had an ankle sprain. Defendants deny that plaintiff sustained a compensable injury or disability as a result of the injury. According to the medical evidence there were no open or stab type wounds of the plaintiff’s foot at that time.
On October 19, 1981, plaintiff reported to the Brian Clinic and saw Dr. James P. David, a medical doctor engaged in family practice and general surgery. On October 19, Dr. David found plaintiff’s foot swollen with a burn wound to the dorsum (upper surface) of his foot from his toes to about the level of the ankle joint. There was no burn around the ankle or bottom of the foot. Plaintiff Jackson told Dr. David he had burned the foot in water in the tub. Dr. David regarded this explanation skeptically. He testified that if Jackson had sustained the burn he saw by immersing his foot in water hot enough to burn the top of his foot, the bottom of plaintiff’s foot would also have been burned. Plaintiff’s wound at this time consisted of second and third degree burns to the dorsum of the foot which required hospitalization for treatment including skin grafts. He was discharged on October 26.
Dr. David found that plaintiff’s burn was infected (staphyloccus infection) when he saw it on October 19, 1981, but he stated that such an infection was not a normal complication of a sprained ankle. Dr. David also stated with certainty that the wound appeared to be a burn with a secondary infection not a staphyloccus infection which looked like a burn.
*1266 On November 24,1981, plaintiff consulted Dr. David with a second degree burn on the plantar surface (bottom) of his foot and toes. This burn was not present at any of the times of Dr. David’s prior examinations. Dr. David testified that the only history plaintiff gave on November 24 “was that he had the foot exposed to the sun and that possibly he got burned in the sun”.
Plaintiff saw Dr. L.D. Perdue, an orthopedic specialist, in March of 1982 who made a diagnosis of osteoparosis of the foot. Dr. Perdue testified that the term osteoparosis means loss of calcium of the bones. This condition is caused by not using the body member containing the bone (in this case the foot and ankle) over a period of time. In some cases, for poorly understood reasons, the calcium loss results from a neuro-vascular reaction to injury. Dr. Perdue testified that plaintiff’s condition would clear up and he probably could return to his former job of working on a garbage truck. Dr. David corroborated Dr. Perdue’s testimony that nonuse of the foot during plaintiff’s hospitalization and inactivity following hospitalization could have caused the osteoparosis.
At trial plaintiff’s counsel attempted to show that when plaintiff struck his foot on the curbing he also dropped a bag of garbage on the foot and that something in the garbage caused plaintiff’s infection. A coworker testified there was no spillage of garbage at the time. The trial court found that plaintiff’s burns were unrelated to the accident which caused his sprained ankle. The trial court also found that plaintiff’s foot problems were the result of the burns and did not result from any injury sustained in his employment with the City of Alexandria. We are of the opinion that the trial court was correct in its finding.
We affirm the judgment of the trial court and assess the costs of this appeal to plaintiff-appellant.
AFFIRMED.